IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS AT KANSAS CITY

| | |
|---|---|
| PRA'SHAWNA STACKER,<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>FOCUS WORKFORCE<br>MANAGEMENT, INC.<br>Registered Agent:<br>Charles Bachand<br>5201 Johnson Drive, Ste. 241<br>Mission, KS   66205<br><br>    Defendant. | Case No.: 2:20-cv-2241<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Pra'shawna Stacker, by and through her attorneys, and brings the following complaint against Defendant, Focus Workforce Management, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from Albietz Data Search.

3. Defendant paid a fee to Albietz Data Search for the information it obtained concerning the Plaintiff.

4. The information obtained from the third party concerning the Plaintiff was a Consumer Report (as a Consumer Report is defined pursuant to the FCRA).

5. Defendant relies on information in Consumer Reports to make decisions

regarding prospective or current employees.

6. Defendant relies on information in Consumer Reports, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff is a resident of Kansas City, Kansas. Plaintiff is a member of the Putative Classes defined below.

10. Defendant is a domestic company formed under the laws of Kansas doing business in Kansas and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Kansas, applied to work for Defendant in Kansas, and her claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

13. Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Plaintiff applied in person for employment with Defendant in or about July of 2018.

16. Plaintiff was given paperwork to complete by the Defendant.

17. One of the forms Plaintiff completed was titled Disclosure of and Authorization for Employment Use of Investigative Consumer Report ("Disclosure Form").

18. The Disclosure Form was confusing to the Plaintiff.

19. The Disclosure Form contained multiple pieces of information and the Plaintiff could not understand the purpose of the Form.

20. The Disclosure Form authorized the Defendant to share the Plaintiff's information with unnamed third parties.

21. The Plaintiff was required to release the Defendant and its agents from damages that arise from errors in the background investigation within the Disclosure Form.

22. The Disclosure Form has incomplete or inaccurate statements of law contained within the form.

23. The Disclosure Form was used by the Defendant to procure a Consumer Report on the Plaintiff.

24. Plaintiff was placed at Bushnell for work and worked there for approximately three months.

25. Plaintiff was placed at other locations for temporary employment over the course of the next year.

26. In or about October 2019, Plaintiff was placed at American Eagle.

27. Plaintiff worked at American Eagle for approximately one month.

28. Plaintiff was working at American Eagle and was approached by a female manager working for the Defendant.

29. Plaintiff was asked by the Defendant's manager to quit working and clock out.

30. Plaintiff was forced to turn in her badge following clocking out.

31. Plaintiff was escorted to the Defendant's onsite location and directed to report to the Defendant's Lenexa location.

32. Plaintiff then drove approximately one hour to the Defendant's Lenexa location.

33. When Plaintiff arrived at the Lenexa location she was told by an employee for Defendant that she was being let go due to information contained within her Consumer Report.

34. Plaintiff was never provided a copy of the Consumer Report.

35. Denying the Plaintiff a job because of information in her Consumer Report is an adverse action (as an adverse action is defined pursuant to the FCRA).

36. Plaintiff did not receive a copy of the Consumer Report prior to the adverse action and has never received a copy of the Consumer Report.

37. Plaintiff was not provided with a reasonable amount of time to challenge or address the information in his Consumer Report.

38. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based on information in her Consumer Report.

39. Plaintiff did not fully understand his FCRA rights and did not know how or if she could properly challenge the adverse action.

40. Defendant's sudden denial of employment caused the Plaintiff to suffer stress,

anxiety, lost compensation, and lost opportunity.

41. Defendant's denial of employment prior to the receipt of the Consumer Report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to address any the information in the Consumer Report.

42. Plaintiff may have been able to retain employment if given the proper opportunity to address the information in the Consumer Report.

43. Defendant contracted with Albeitz Data Search that it would provide a copy of the Consumer Report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a Consumer Report.

44. On information and belief the agreement(s) made between the Defendant and the Consumer Reporting Agency contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(3).

## CLASS ACTION ALLEGATIONS

45. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

46. Plaintiff asserts the following proposed class defined as:

    **ADVERSE ACTION CLASS:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after May 13, 2018, that was based, in whole or in part, on information contained in a Consumer Report, and who were not provided a copy of such report, a reasonable notice period in which to address the information contained in the Consumer Report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

    **Proposed Improper Disclosure Class:** All employees or prospective employees of Defendants in the United States who were subject of a consumer report that was obtained by Defendants on or after May 13, 2018, and who executed the Defendants' FCRA disclosure form(s).

**Numerosity**

47. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in Consumer Reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said Consumer Reports, in whole or in part, as a basis for adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

**Common Questions of Law and Fact**

48. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses Consumer Report information to conduct adverse actions on employees and prospective employees;

    b. Whether Defendants' disclosure form violates the FCRA;

    c. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a Consumer Report, without first providing a copy of the report to the affected individuals;

    d. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to explain the contents of the consume report or cure any inaccuracy within the Consumer Report prior to the adverse employment action;

    e. Whether Defendant's violations of the FCRA were willful;

    f. The proper measure of statutory damages and punitive damages.

### Typicality

49. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant obtains Consumer Reports on individuals before and/or without providing proper disclosure or obtaining authorization. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees, but fails to provide the consumer report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

50. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

51. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

52. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because prosecution of actions by or against individual members

of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

53. This case is maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

54. Class certification is also appropriate under Rule 23 of the Federal Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class

members' claims in a single forum.

55. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23 of the Federal Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS
### COUNT I
### Adverse Action Violations

56. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

57. Defendant obtained a "Consumer Report," as defined by the FCRA, concerning the Plaintiff.

58. Defendant used a Consumer Report, as defined by the FCRA, to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

59. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the Consumer Report that was used to take adverse employment action against them prior to the adverse action.

60. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to address the information in the Consumer Report, explain the information in the Consumer Report, and/or or cure any inaccuracies within the Consumer Reports prior to the adverse action.

61. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

62. Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the Consumer

Report.

63. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that was present within the Consumer Report before being denied employment.

64. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the Consumer Report.

65. The Defendant's failure to provide the Plaintiff a copy of the Consumer Report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the Consumer Report.

66. Being provided a copy of the Consumer Report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against his.

67. A copy of the Summary of Rights before denied employment would have helped the Plaintiff understand what his rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

68. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

69. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other individuals under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice through outside employment counsel;

    b. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

  c. 15 U.S.C. §1681-1681y, addresses the requirement of obtaining and using a Consumer Report.

70. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

71. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

72. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II
### Failure to Make Proper Disclosure in Violation of FCRA

73. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

74. Defendant violated the FCRA by the use of a disclosure form that failed to provide a disclosure due to the confusion caused by the form.

75. Defendant's disclosure form contains a waiver of liability in violation of the FCRA.

76. Defendant's form is not clear and conspicuous due to the additional information.

77. Defendant's form violates FCRA's "standalone document" requirement by the inclusion of other information such as the liability waiver and statements of law that are incomplete or inaccurate.

78. The foregoing violations were willful.

79. Defendants knew that the disclosure form should consist of no more than the disclosure to obtain a consumer report and authorization to obtain a consumer report.

80. The Defendants' willful conduct is reflected by, among other things the following facts:

    a. Defendants are large corporations with access to legal advice through Iowa 80's own General Counsel's office and outside employment counsel;

    b. Defendants have ignored the plain unambiguous language of the FCRA and regulatory guidance from FTC Informal Staff Opinions;

    c. Defendants' disclosure is not a standalone document consisting solely of the disclosure; and

    d. The FCRA requires consumer reporting agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports, despite such knowledge Defendants persisted in the conduct that violated the Plaintiff and Putative Class members' rights under the FCRA.

81. Plaintiff and the Putative Class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

82. Plaintiff and the Putative Class members are also entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

83. Plaintiff and the Putative Class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Order directing proper notice to be mailed to the Putative Class at

        Defendants' expense;

d.    Order finding that Defendants committed multiple, separate violations of the FCRA;

e.    Order finding that Defendants acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f.    Order awarding statutory damages and punitive damages as provided the FCRA;

g.    Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h.    Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

Respectfully submitted,

By: /s/ C. Jason Brown
Charles Jason Brown KS 70700
Jayson A. Watkins KS 78463
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF